08CV1236
JUDGE MANNING
MAG. JUDGE BROWN

FILED
FEB 29 2008
Feb 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| REPUBLIC BANK,<br><br>Plaintiff,<br><br>vs.<br><br>AMTEC PRECISION PRODUCTS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ALLOW REGISTRATION OF JUDGMENT IN OTHER DISTRICTS<br><br><br>Case No. 1:06-CV-112 TS |

This motion comes before the Court on Plaintiff Republic Bank's Motion to Allow Registration of Judgment in Other Districts.[1] For the reasons discussed below, this motion will be granted.

I.   Factual Background and Procedural History

Plaintiff Republic Bank ("Republic") filed this suit to collect amounts owned by Defendant AMTEC Precision Products, Inc. ("AMTEC") under a Master Progress Payment Agreement and related documents. AMTEC entered into a lease agreement with Mazuma Capital Corporation ("Mazuma"), Republic's predecessor in interest, for certain equipment.

---

[1]Docket No. 58.

1

After removal to this Court, AMTEC served a third-party complaint against Mazuma, alleging breach of the Master Progress Payment Agreement and related agreements by Mazuma.

The Clerk of this Court entered judgment in favor of Republic on November 6, 2007.[2] On November 27, 2007, AMTEC filed a Notice of Appeal.[3] On January 9, 2008, Republic filed the instant motion, requesting leave to register the Judgment of this Court in other districts, specifically, the Northern District of Illinois. Republic also filed a Motion to Expedite Hearing,[4] requesting an expedited hearing because Republic is unable to protect its Judgment or its equipment until it is able to execute on its Judgment.

II.    Discussion

Pursuant to 28 U.S.C. § 1963, a judgment obtained in district court may be registered in any other district, "when judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." While the Tenth Circuit has not spoken regarding what constitutes good cause in this setting, other courts have stated that the "good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment."[5]

  1. *Good Cause*

Republic argues that good cause exists in this case because AMTEC has substantial

---

[2]Docket No. 53.

[3]Docket No. 54.

[4]Docket No. 60.

[5]*Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993) (citing *Assoc. 'd Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66 (D.N.J. 1989).

2

property at its place of business in Illinois, demonstrated by Progress Payment Certificates executed by AMTEC and the Master Lease, in which AMTEC indicates that the equipment in question would remain at AMTEC's place of business in Illinois. Republic further asserts that because AMTEC denied transacting business in Utah and denied that it was subject to jurisdiction, AMTEC was essentially claiming that it had no assets in this District. AMTEC argues that Republic has not shown that good cause exists to allow registration during the pending appeal because Republic's assertion are based on mere speculation.

The Court finds that Republic has adequately demonstrated good cause such that registration in other districts is permissible. The equipment leased by AMTEC, which is the basis for this litigation, is located in Illinois, by AMTEC's own admissions contained in the Master Lease Agreement and the Progress Payment Certificates. AMTEC's principle place of business is Illinois and AMTEC does not dispute that the equipment is in fact located in Illinois, only that Republic has failed to adequately demonstrate that fact. Republic is not required to conclusively prove that AMTEC has sufficient assets in another jurisdiction.[6] Republic's assertions regarding the location of AMTEC's assets are based on AMTEC's own statements, not mere speculation.

  2. *Ownership Interest in the Equipment*

In its opposition brief, AMTEC claims that because Republic has asserted its ownership rights under the Master Lease Agreement, it cannot now use those assets as a basis to allow registration in Illinois and that because other creditors hold superior interests in that equipment, it

---

[6] *See id.* (good cause met by defendant's failure to contest plaintiff's assertion of insufficient assets in rendering jurisdiction or that defendant has substantial assets in foreign jurisdiction).

is unavailable for execution by Republic. Republic asserts that actual ownership of the equipment and others' interests in the equipment are irrelevant to the issue of registration. Both parties cite several provisions of the Utah Code in support of their respective positions.

The Court finds that determining superiority of any lien that may arise from the registration of judgment in a foreign district is not a prerequisite to allowing such registration. A showing of good cause is the only requirement under 28 U.S.C. § 1963 to allow registration pending appeal.

IV.   Conclusion

For the reasons discussed above, the Court finds that Republic has demonstrated good cause for registration of judgment in a foreign district pending appeal. It is therefore

ORDERED that Plaintiff's Motion to Allow Registration of Judgment in Other Districts (Docket No. 58) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Expedite Hearing (Docket No. 60) is DENIED as moot.

DATED   February 12, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

I hereby certify that the annexed is a true and correct copy of a document or an electronic docket entry on file at the United States District court for the District of Utah.
# of pages 4
Date: February 15, 2008
D. MARK JONES, Clerk
By: _____
Deputy Clerk

4

# United States of America
## District of Utah

TRANSCRIPT OF JUDGMENT DOCKET OF THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

| No. | NAME OF JUDGMENT DEBTOR | NAME OF JUDGMENT CREDITOR | JUDGMENT | Date of Entry | Appeal; When Taken | Judgment of Appellate Court | Satisfaction of Judgment When Entered |
|---|---|---|---|---|---|---|---|
| 1:06cv112 TS | AMTEC Precision Products, Inc | Republic Bank | IT IS ORDERED AND ADJUDGED that judgment be entered in favor of the plaintiff and against the defendant in the amount of $1,178,344.67. | 11/06/2007 | 11/27/2007 | Pending | N/A |

Republic Bank
vs.                        } No. 1:06cv112 TS
AMTEC Precision Products

I, D. Mark Jones, Clerk of the United States District Court for the District of Utah, do hereby certify the above and foregoing to be a true, correct and complete transcript and copy of the original entries on the Judgment Docket of said Court, in the above entitled cause, as fully as the same now remain of record in my office.

ATTEST:

WITNESS, my hand and the seal of said Court, this day of February 15, 2008, and of the Independence of the United States of America the 232nd year.

D. MARK JONES, CLERK
Jenica Jones
DEPUTY CLERK

By: _____

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

Northern Division for the District of Utah

FILED
U.S. DISTRICT COURT
2007 NOV -6 P 4:06
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

Republic Bank

v.

Amtec Precision Products, Inc

**AMENDED JUDGMENT IN A CIVIL CASE**

Case Number: 1:06 cv 112 TS

IT IS ORDERED AND ADJUDGED

that judgment be entered in favor of the plaintiff and against the defendant in the amount of $1,178,344.67.

| | |
|---|---|
| November 6, 2007 | D. Mark Jones |
| Date | Clerk of Court |
| | (By) Deputy Clerk |