IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMTEC PRECISION PRODUCTS, INC., ) <br> ) <br> ) <br> ) <br> Defendant. ) | Case No. 1:08-CV-1236 <br><br> The Honorable Judge <br> Blanche M. Manning <br><br> Referred to the Honorable <br> Magistrate Judge Geraldine <br> Soat Brown |

### JOINT STATUS REPORT OF THE PARTIES

Plaintiff Republic Bank, the judgment creditor in the above-captioned case (the "Plaintiff"), and Defendant AMTEC Precision Products ("Defendant"), by and through their counsel of record, hereby submit their joint status report pursuant to the Standing Order of this Court.

1. <u>Summary of Claims.</u>

Plaintiff seeks to execute on a judgment entered in its favor on November 6, 2007 by the Honorable Judge Ted Stewart, United States District Court for the District of Utah, Northern Division. Execution is sought in this jurisdiction as a matter of law pursuant to Federal Rule 69.

2. <u>Relief Sought and Itemized Damages</u>

The amount of the Judgment is the principal sum of $1,178,344.67, plus interest thereon after entry of judgment at the judgment rate. Plaintiff seeks to execute on the defendant's interest in the following described personal property located at the AMTEC business address at 1875 Holmes Road, Elgin, IL 60123-1298:

    I.    All stock, stock certificates and other interests of the defendant in:
          a.    North American Acquisition Corporation, a Delaware corporation; and
          b.    Amtec Molded Products, Inc., an Illinois corporation.

    II.    The equipment grinders specified hereinbelow:
          a.    Cincinnati Model 230-12 Twin Grip Centerless Grinder, Serial No. 3565A0185-0.

      b.    Cincinnati Model 230-12 Twin Grip Centerless Grinder, Serial No. unk.
      c.    aba z&b Starline 500-E Superabrasive grinding machine, Serial No. 326 CF 510
      d.    aba z&b Starline 500-E Superabrasive grinding machine, Serial No. 326 CF 511
      e.    aba z&b Starline 500-E Superabrasive grinding machine, Serial No. 326 1503

3. <u>Description of the Matter Referred to your Honor</u>

No portion of the Judgment has been satisfied. On February 12, 2008, the United States District Court for the District of Utah entered an order granting Plaintiff's Motion to Allow Registration of Judgment in Other Districts. On February 29, 2008, the Clerk of this Court received and filed the Registered Judgment. Plaintiff seeks execution on that judgment as stated hereinabove.

Defendant has filed an appeal with the Tenth Circuit Court of Appeals appealing the summary judgment entered by the Trial Court. Defendant has not filed a supersedeas bond as provided for by Federal Rule 62(d).

This case was referred on March 26, 2008.

4. <u>Status of Briefing</u>

Plaintiff Republic filed its motion with the Court on March 18, 2008. The February 12th order permitting registration of the judgment entered by the Utah Court is attached to that motion. No other briefs are currently on-file.

5. <u>Discovery Matters</u>

N/A

6. <u>Consent to trial before Magistrate</u>

N/A

7. <u>District Judge Dates/Deadlines</u>

N/A

8. <u>Status of Settlement Negotiations</u>

David W. Aemmer, the Chief Circuit Mediator for the Tenth Circuit Court of Appeals, was appointed to attempt to mediate a settlement of this matter. The most recent settlement proposal from Defendant has been communicated by the Mediator to Plaintiff and is as follows:

Defendant would pay the sum of $850,000.00 in full and final settlement of the judgment. Payment of this sum would be under these terms.

1. An immediate payment of $150,000.00

2. The balance of $700,000.00 would be paid in 24 monthly installments amortized at an interest rate of 6-1/2%.

3. Defendant would use its best efforts to sell the subject equipment to a third party. In the event the equipment can be sold within six months of the settlement date, the proceeds would be applied toward the balance of the settlement. If the equipment cannot be sold, Defendant would make an additional payment of $200,000.00 within six months of the date of the settlement which would be applied to the settlement amount. The balance owing would then be paid over the remaining 18 months. Plaintiff during the term of the settlement would cease and desist all collection efforts. In the event there is a default in payment, there would be a 15-day cure period, and after the 15-day cure period, Plaintiff could commence collection efforts. The appeal would be dismissed with prejudice.

Plaintiff has rejected that settlement offer, although the Mediator has not communicated the rejection of the settlement offer to Defendant's Utah counsel.

DATED this 4th day of April, 2008.

Submitted by:

**BOLLINGER, RUBERRY & GARVEY**

S/ WILLIAM G. FARRAR
_____
Attorney for Plaintiff, Republic Bank

**Tishler & Wald, LTD.**

S/ DAVID A. KALLICK
_____
Attorney for Defendant, Amtec Precision Products, Inc.

# CERTIFICATE OF SERVICE

I, <u>W. Grant Farrar</u>, the undersigned, on oath state that I served a copy of the forgoing "Joint Status Report Of The Parties" upon below named attorney of record, by causing a copy to be served via <u>Electronic Mail</u>, no later than 5:00 p.m. on **April 4, 2008.**

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are true and correct.

**Counsel for AMTEC Precision Products, Inc.**
Mr. David A. Kallick
TISHLER & WALD, LTD.
200 South Wacker Drive
Suite 3000
Chicago, Illinois  60606

*S/ WILLIAM G. FARRAR*
**Attorney for Plaintiff, Republic Bank**